Rathmell, J.
Error proceedings from the police court of Columbus.
The grounds of error urged are—
1. That there was error in the court below overruling the motion to quash the affidavit.
The jurat of the affidavit was as follows: ‘ ‘ Sworn to and subscribed before me this 7th day of August, A. D. 1907. Frank W. Phillips, Clerk of the Police Court of the City of Columbus, by T. F. Malloy, Deputy.”
It is urged that, if the deputy clerk is a person before whom an affidavit may be made, he should sign same as such officer.
Revised Statute 1536-835 empowers the clerk of the police court to administer oaths. And, by Section 1536-840, a deputy clerk of the police court may perform any duty of the principal.
It is well established as a general rule that, when the duties of a public officer are of a ministerial character, they may be discharged by deputy. " 9 Eney. of Law, 370, and eases cited.
*322 When an officer, who may lawfully appoint a deputy, is vested with power to administer oaths, this power may be exercised by deputy, for it is considreed to be ministerial. 21 Ency. of Law, p. 749, and cases cited.
When a writ is signed by a deputy clerk, it is sufficient, although it would be more technically correct for the deputy to sign for his principal. 15 0., 288, 298.
In Warwick v. The State, 25 O. S., 21, the deputy clei’k of the probate court was held to have authority to administer oaths to parties making application for marriage licenses, and such duties are regarded ministerial.
In some eases it has been held that a jurat, signed either in the name of the principal, or that of the deputy, was good. See 6 Wash.; 587; for cases, see 10 Kansas, 397; 9 Colo., 458; 47 Minn., 581; 4 Heiskell, 407. In the last case it is stated in the opinion that the power to appoint a deputy necessarily involves the idea that he shall act in the name of the principal.
In 10 Kansas, 397, and 47 Minn., 581, the form adopted in the affidavit under consideration was held good. There is good authority that the jurat, either in the name of the principal or the deputy, is good.
There is a case in the 57 Fed. Rep., 186, which takes the opposite view; but I think that case is distinguished by the remark of the court that great doubts were entertained as to the power of clerks of Circuit Courts of the United States to administer oaths generally — that is, in matters disconnected with their courts and the business thereof.
But here the power is conferred upon the clerk by statute. I think the great weight of authority is in favor of holding good the form of jurat used in this case. And I am of opinion there was no error in overruling the motion to quash, and so hold.
2. It is further urged that there was error in overruling the demurrer to the affidavit.
The case is prosecuted under favor of Revised Statutes 3490, amended in 97 O. L., p. 283, where the rate of speed of an automobile is limited to eight mlies an hour in the business and closely built up portion of a municipality. It is contended that this act is repealed by implication by the act of April 2, 1906, *323 98 O. L., p. 320, wherein the rate of speed of a motor vehicle is limited to ten miles an hour when the territory contiguous to a highway is closely built up.
It will be observed that the subject of legislation in 97 O. L., 283, relates to the control and management of vehicles upon public highways in the particulars as to speed; when the vehicle must be brought to a stop, and as to lighting or exhibiting lights of motor vehicles. In the law of 98 O. L., 320, these particulars of regulation are embraced and covered by Sections 11, 14, and 18.
Bearing in mind that the repeal of a statute by implication is not favored, yet the doctrine is well established that, when the subsequent statute is so inconsistent with and repugnant to the prior one as to be irreconcilable therewith by any fair course of reasoning, repeal by implication is effected. Repeal in any case is measured by the extent of the conflict or inconsistency between the acts.
It might be observed that the act of April 22, 1904, had, for its object, the control of vehicles generally upon public highways. The act of April 2d, 1906, primarily, the registration and licensing of motor vehicles, and incidentally, the matter of speed, lighting and stopping, is embraced, so that it is only a case of partial repugnancy at most. Upon the question of speed of motor vehicles in closely built up portions of a municipality, there does appear to be such inconsistency that both can not be enforóed in this particular, so that it becomes necessary to consider the validity of the act of April 2, 1906.
It is urged by counsel for the state that this last mentioned act is unconstitutional and void, and that, therefore, there could be no repeal by implication.
The- Attorney-General of the state, in his annual report for the year 1906, has pointed out defects in this law, which, in his judgment, renders it invalid. It will be sufficient for the purposes of this case to note one, which appears to me to be well taken.
By Section 2 of said act, licenses are required to be issued only to persons hereafter acquiring a motor vehicle. One owning a vehicle prior to the passage of the law is not bound to secure *324 a license, unless he, thereafter, acquire another such vehicle, in which case he must take a license for both vehicles by him owned. The language is, “Every person hereafter acquiring a motor vehicle shall, for each vehicle owned by him, file in the office of the Secretary of State,” etc.
By Section 9 it is provided:
“No motor vehicle shall be used or operated upon the public highways after June 1st, 1906, unless the owner shall have com-' plied in all respects with this section, except that any person purchasing a motor vehicle from a manufacturer, dealer or other person after this act goes into effect, shall be allowed to operate such motor vehicle upon the public highways for a period of five days "after the purchase and delivery thereof, provided that, during such peroid, such motor vehicle shall,bear the registration number and seal of the previous owner, under which it was operated or might'have been operated by him.”
It will be observed that, while this section prohibits the use or operation of motor vehicles except in compliance in all respects with this section, nothing is required by the section. And, therefore, there is no prohibition of the use of such vehicles when unlicensed. Thus, of the class, the owners of motor vehicles, one may be required to obtain a license and another not so required. And we have an imposition of restrictions and burdens upon certain citizens, from which others of the same class are exempt, and the operation of the statute is not uniform, being in violation of Section 2 of the Bill of Rights and Section 26 of Article II of the Constitution.
It is contended that Section 11 is valid, notwithstanding the invalidity of the rest of the act. Section 11, standing alone, is incomplete; it provides no penalty. I am of opinion that the sections of the act are so connected and so related to each other as to give rise to the presumption that a part would not have been enacted without the whole and, therefore, the entire act is void.
“According to the generally received rule, an amending act, which is unconstitutional and void, does not, being a nullity, in any way affect the validity of the act amended. Especially is this true when the amendment is by implication.” 26 Ency. of Law, page 712.
F. C. Rector, for plaintiff.
City Solicitor, for defendant.
For these reasons, we are of opinion there was no error in overruling the demurrer to affidavit and so hold.
3. Neither do we think the point well taken that the judgment is against the weight of the testimony.
We think, interpreting the words “in the business and closely built up portion of the municipality” in their familiar and popular sense, the proof supports the charge in the affidavit.
The judgment below is, therefore, affirmed.